UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAULA BATES,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:18-cv-00439-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff, Paula Bates, obtained long term disability insurance under a group insurance plan administered by Defendant, Hartford. The Parties dispute whether that plan and this action are governed by Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Following the agreement reached on the telephonic scheduling conference held on January 18, 2019, the Court ordered the parties to submit briefing addressing ERISA applicability. Briefing has been completed and the issue is ripe for resolution.

# BACKGROUND

Ms. Bates worked for American Family Insurance as an independent agent from October 2008 to November 2011. While employed by American she was covered by American Family's long-term disability plan. *Pl.'s Br.* at 1, Dkt. 24; *American Plan, Def.'s Ex. A*, Dkt. 23-1. When Bates resigned from American Family, she was no longer eligible for insurance under the American Plan, and her coverage under that plan terminated on November 3, 2011. *Jan 28, 2012 Letter,* Dkt. 24-1 at 41. The American Plan contains a conversion provision that allows an employee who no longer meets the eligibility requirements for the plan to obtain "personal insurance under another group policy called the group long term disability conversion policy." *American Plan* at 12, Dkt. 23-1. Following her departure from American, Bates used the conversion provision of the American Plan to obtain insurance through the Group Long Term Disability Plan of Insurance. *Approval Notice*, Dkt. 24-1 at 59-61. The policyholder for this group plan was The Northern Trust Company.[1] Dkt. 24-1 at 61; *Def.'s Ex. B*, Dkt. 23-2.

---

[1] Marine Bank succeeded Northern Trust as the trustee of the Group LTD Policy in 2011. *Def.'s Ex. E,* Dkt. 23-5. However, Hartford continued to refer to Northern as the policy holder of the Group LTD Policy. For simplicity, the Group LTD Policy Ms. Bates enrolled in upon her termination from American is referred to as the Northern Plan.

Hartford is the administrator for both the American Plan and the Northern Plan.

Bates alleges that as of December 10, 2014 she became totally disabled, as that term is defined by the Northern Plan. *Compl.* ¶ 18. She further alleges that she attempted to file disability claims with Hartford in 2015 but it ignored them or refused to process them. *Id.* ¶¶ 21-22. In September 2017, Hartford denied her disability claim. *Id.* ¶ 24. Bates appealed the denial in March 2018, which was denied in May 2018. *Id.* ¶¶ 25-27. Bates commenced the instant action alleging multiple state law claims, including breach of contract and bad faith. *Id.* ¶¶ 31-51.

In her complaint, Bates alleges that the Northern Plan is not governed by ERISA. *Id.* ¶ 16. Hartford disagrees and argues that the Northern Plan is governed by ERISA. *Def.'s Br.* at 8, Dkt. 23. The Parties agree that if the Northern Plan is governed by ERISA then Bates' state law claims are preempted and her sole remedy is under ERISA. *See id.* at 16; *Compl.* ¶ 60.

## LEGAL STANDARD

ERISA broadly preempts state law that relates to "any employee benefit plan" as described in the statute. 29 U.S.C. § 1144(a); *see Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48 (1987). The parties dispute, and this Court must decide, whether the Northern Plan is an "employee benefit plan" that is governed by ERISA.

Whether an ERISA plan exists is a question of fact, requiring consideration of all the surrounding circumstances from the point of view of a reasonable person. *Zavora v. Paul Revere Life Insurance Company*, 145 F.3d 1118, 1120 (9th Cir. 1998) (citations omitted). The burden to establish the existence of an ERISA plan is on the party advocating its existence. *Id.* n.2.

An "employee benefit plan" is defined, in relevant part, as "an employee welfare benefit plan." 29 U.S.C. § 1002(3). An "employee welfare benefit plan" is:

> (1) a "plan, fund or program" (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits (5) to the participants or their beneficiaries.

*Kanne v. Connecticut Gen. Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988) (citing *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir.1982) (en banc)); 29 U.S.C. § 1002(1). Further, an employee benefit plan must cover at least one employee to constitute an ERISA benefit plan. *Waks v. Empire Blue Cross/Blue Shield*, 263 F.3d 872, 875 (9th Cir. 2001); 29 C.F.R. § 2510.3–3(b).

## ANALYSIS

Ms. Bates argues that, by enrolling in the Northern Plan, she converted to an individual policy, which does not meet the elements of an ERISA Plan. Bates relies extensively on the discussion in *Waks v. Empire Blue Cross/Blue Shield,* 263 F.3d

872 (9th Cir. 2001) to support her argument. Hartford argues that the Northern Plan meets the elements of an ERISA Plan. Hartford further argues that *Waks* is inapplicable. Hartford argues this is because Bates actually continued her coverage from the American Plan to the Northern Plan, which is a group plan and not an individual plan.

1. *Waks v. Empire Blue Cross/Blue Shield*

In *Waks,* the plaintiff had been covered under a group insurance plan sponsored by her employer. The plaintiff's employer ceased operations; when that occurred the plaintiff used the conversion right in her employer sponsored plan to obtain coverage under an individual plan. *Waks*, 263 F.3d at 874. The Ninth Circuit held "that state-law claims arising under a converted policy—even though the policy has been converted from an ERISA plan—are not preempted by ERISA."[2] *Id.* at 877.

Hartford makes much of language in a handful of documents it sent to Bates that describe her coverage under the Northern Plan as a continuation of her coverage. *See Def.'s Br.* at 12-13, Dkt. 23. However, there are at least an equal

---

[2] At this point in its opinion the Ninth Circuit had already decided that the plaintiff's individual plan was not an ERISA plan because it did not cover any employees. The court was deciding whether a policy that had been obtained from a conversion right in an ERISA plan so related to the ERISA plan that state law claims brought under the converted plan would be preempted. *Waks*, 263 F.3d at 875.

number of references to the Northern Plan as a conversion plan. *See, e.g., January 28, 2012 Letter*, Dkt. 24-1 at 41. How a party describes a plan in order to either avoid or support ERISA applicability is not dispositive.[3]

In *Waks*, the Ninth Circuit distinguished cases where the employee had continued her coverage under her former employer's group plan. *See Waks,* 263 F.3d at 876-77 (citing *Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839 (9th Cir.1994)). Hartford relies on *Mastaler v. Unum Life Ins. Co of Am,* 2012 WL 579537 (S.D. Cal. Feb. 22, 2012) to argue that Bates continued her coverage under the Northern Plan. However, in *Mastaler*, the plaintiff was enrolled in his employer's plan and the employer paid his premiums. *Id.* at *1. When the plaintiff left his employment he remained insured under the *same plan* but paid the premiums himself. *Id.*

This case is different. Like the plaintiff in *Waks* and unlike the plaintiff in *Mastaler*, Bates exercised her conversion right upon her departure from American Family and was then covered under the Northern Plan. Indeed, Bates could not have continued her coverage under the American Plan, since only full-time or part-time active agents were eligible for coverage. *American Plan*, Dkt. 23-1. Rather,

---

[3] The Court notes that Hartford has introduced no evidence regarding whether the Northern Plan complies with, or is exempt from, the reporting requirements for employee benefit plans that are governed by ERISA. *See* 29 U.S.C. § 1024.

when Bates left American Family, she went through a conversion process that required her to apply to Hartford and pay her anticipated premium to obtain coverage under the Northern Plan. *See Jan 28, 2012 Letter,* Dkt. 24-1 at 41; *Approval Notice*, Dkt. 24-1 at 59-61. The Court finds that Bates converted her coverage and that the Northern Plan is a conversion plan.

The Parties also dispute the importance of the description of Bates' coverage under the Northern Plan as individual coverage or group coverage. It is unclear from the record in *Waks* whether the plaintiff had obtained individual (i.e., non-employer sponsored coverage) under a different group plan or if the plaintiff actually held the policy for that plan. *See id.* at 874. What matters is not whether the plan is a group or individual plan, but whether it meets the elements of an ERISA plan. *See id.* at 875 (quoting *Demars v. CIGNA Corp.*, 173 F.3d 443, 445 (1st Cir.1999)).

### 2. Is the Northern Plan an ERISA Plan?

The parties agree that the Northern Plan is a "plan, fund, or program" organized for the purpose of providing disability benefits. However, they disagree whether it was established or maintained by an employer and whether coverage of only former employees is sufficient. *See Kanne*, 867 F.2d at 492.

### A. "Employer"

First, Hartford argues that Northern Trust meets the definition of an employer under the third element of *Kanne*. Employer is defined as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." 29 U.S.C. § 1002(5). Hartford argues that Northern Trust was acting "indirectly in the interest of an employer," namely American Family, by providing the group conversion right. *Def.'s Br.* at 10, Dkt 23. Hartford essentially argues that because Northern Trust made its plan available for American Family employees to convert to upon their departure, and because American Family chose to include a conversion right in their insurance plan, Northern Trust acted indirectly in the interest of American Family.

In *Waks,* the Ninth Circuit, in determining that the plan did not relate to an ERISA plan, found it compelling that the plan at issue was between the insurer and the insured and that the former employer had no administrative responsibilities. *Waks*, 263 F.3d at 876; *see also* 29 C.F.R. 2510.3-1(j) (excluding from the definition of "employee welfare benefit plan" certain group plans where the employer has no role in promoting a group plan and receives no benefit from allowing the insurer to promote it).

Hartford has introduced no evidence that American Family or its employees received any benefit from the inclusion of the conversion provision. There is no evidence that American Family had any administrative role with the Northern Plan. *See Hartford's Supplemental Responses to Bates' First Set of Discovery Requests*, Dkt. 24-2 at 12. Indeed, the Northern Plan was established between Northern Trust and Hartford in 1984 for the purpose of providing conversion policies to any employees who qualified for conversion privileges in employer sponsored policies issued by Hartford. *Northern Trust Agreement*, Dkt. 23-3 at 1. There is simply no indication in the record that Northern Trust was acting for the benefit of anyone other than itself and Hartford by establishing the Northern Plan.

Considering all of the circumstances surrounding the Northern Plan's formation, administration, and the absence of meaningful involvement by American Family or any other employer, this Court finds that Northern Trust is not an "employer" for purposes of ERISA.

**B. "Employee"**

Hartford argues that a plan meets the last *Kanne* element if it provides benefits to "participants or their beneficiaries." *Def.'s Br.* at 11, Dkt. 23. "Participant" is defined as any "employee or former employee of an employer…who is or may become eligible to receive a benefit…from an employee benefit plan which covers employees of such employer …" 29 U.S.C. § 1002(7).

Hartford argues that because the Northern Plan covers former employees of various employers who included a conversion right in their group insurance plans, the Northern Plan covers "participants."

In *Waks*, when determining whether the plan at issue was an ERISA plan, the Ninth Circuit stated that "[t]he answer is straightforward. An employee benefit plan must cover at least one employee to constitute an ERISA benefit plan." *Waks*, 263 F.3d at 875 (citing *Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404, 407 (9th Cir.1995)). The regulations implementing ERISA specifically exclude plans with no employees from the definition of "employee benefit plan." 29 C.F.R. § 2510.3-3(b). Further, to meet the definition of "Participant" under § 1002(7) the employee or former employee must receive a benefit from a plan which "*covers employees*" of an employer. (emphasis added) Thus, it is clear from the statute, case law, and regulations that in order for a plan to be an ERISA plan it must cover at least one employee. An employee is defined as "any individual employed by an employer." § 1002(6).

In its response to Bates' discovery requests, Hartford stated that "former employees of American Family and other employers who elected to include group LTD conversion rights in their ERISA-governed plans are participants in the [Northern Plan]." *Hartford's Supplemental Responses to Bates' First Set of Discovery Requests*, Dkt. 24-2 at 15. Further it stated that "only former employees

are participants" in the Northern Plan. *Id.* at 16. This is because "current employees" are beneficiaries of their current employers' group benefit plan. *Id.*

According to the record before the Court, the Northern Plan does not cover a single "employee" and thus cannot provide coverage to "participants" for purposes of ERISA. Thus, the Court finds that the Northern Plan does not meet the last element of *Kanne*.

### 3. Conclusion

The Court finds that Hartford has not met its burden to establish that the Northern Plan is governed by ERISA. The Northern Plan is a conversion plan. The Northern Trust is not an employer as defined by the statute. And, finally, the Northern Plan does not cover any employees as required by ERISA. Accordingly, the Court finds that the above captioned action is not governed by ERISA.

## ORDER

**IT IS ORDERED that**

1. Within 30 days of this order the parties shall meet and confer to draft a supplemental litigation and discovery plan[4] consistent with the above decision.

---

[4] Model litigation and discovery plans are available on the Courts' website at https://www.id.uscourts.gov/district/forms_fees_rules/Civil_Forms.cfm.

2. The Parties shall submit their supplemental litigation and discovery plans within 45 days of this order.

3. Upon submission of the above plans, Plaintiff's counsel shall contact the Courtroom Deputy, Jamie Gearhart, at 208-334-9021 to request a telephonic scheduling conference.

DATED: December 19, 2019

_____
B. Lynn Winmill
U.S. District Court Judge